IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP -8  A 11: 09

CLERK _____
SO. DIST. OF GA.

EUGENE REEVES,

    Petitioner,

vs.

JOSE VASQUEZ, Warden

    Respondent.

CIVIL ACTION NO.: CV206-007

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eugene Reeves ("Reeves"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Reeves filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Reeves pleaded guilty in the Middle District of Georgia to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). Reeves was sentenced to 240 months' imprisonment. Reeves appealed, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. (Mot., p. 2.)

Reeves filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2241 in the Middle District of Georgia, and that court dismissed Reeves' motion for lack of jurisdiction. Likewise, the Middle District of Georgia court denied Reeves' motion to correct an illegal sentence for lack of jurisdiction. Reeves then filed a motion to vacate, set aside, or correct

AO 72A
(Rev. 8/82)

his sentence pursuant to 28 U.S.C. § 2255, which the trial court denied.  Reeves filed an appeal, and the Eleventh Circuit Court of Appeals affirmed the trial court's denial.  Reeves filed a motion to modify his sentence, and the trial court denied this motion as well.  (Id.)

In the instant petition, Reeves asserts that the district court erred by using the preponderance of the evidence standard to enhance his sentence.  Reeves also asserts that the United States Attorney's Office erred by failing to list the amount of drugs attributable to him in the indictment.

Respondent avers that Reeves' petition fails for two (2) reasons and should be dismissed.  First, Respondent contends that Reeves has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241.  Second, Respondent contends that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), do not apply retroactively to cases on collateral review.  (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a motion collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction.  28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).  Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has

his sentence pursuant to 28 U.S.C. § 2255, which the trial court denied. Reeves filed an appeal, and the Eleventh Circuit Court of Appeals affirmed the trial court's denial. Reeves filed a motion to modify his sentence, and the trial court denied this motion as well. (Id.)

In the instant petition, Reeves asserts that the district court erred by using the preponderance of the evidence standard to enhance his sentence. Reeves also asserts that the United States Attorney's Office erred by failing to list the amount of drugs attributable to him in the indictment.

Respondent avers that Reeves' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Reeves has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), do not apply retroactively to cases on collateral review. (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a motion collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has

2

> failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Reeves has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because he only had one year in which to file a § 2255 motion pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Reeves also asserts that there is a "great chance that [his] detention is illegal" based on Blakely and Booker. (Pet., p. 7.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Reeves bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Reeves was sentenced in the Middle District of Georgia on January 3, 1994, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence on May 15, 1995. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Reeves to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

4

In short, Reeves has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion[2] from making the same allegations as he does in the instant petition. The trial court's denial of Reeves' previously filed motions and the fact that the applicable statute of limitations bars Reeves' § 2255 motions do not render section 2255's remedy inadequate or ineffective. Reeves has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Reeves cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Reeves is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

In his Response to the Motion to Dismiss, Reeves requests that this Court preserve his claims "pending a change in the retroactivity status of" Blakely and Booker. (Doc. No. 7.) To the extent this is a motion to stay the proceedings in this case, Reeves' motion is unavailing.

---

[2] Defendants (and petitioners) have been making the general argument that a jury must find all of the facts regarding sentencing enhancements since the United States Sentencing Guidelines came into being. See United States v. Levy, 379 F.3d 1241, 1243 n.3 (11th Cir. 2004).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**. Reeves' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)